MARY F. PICKLER

*v.*

JESSE PICKLER.

*Opinion filed June 17, 1899.*

1. TRUSTS—*resulting trust is founded on the actual payment of money.* A resulting trust can only arise where the party claiming the benefit thereof has furnished the purchase money, or some aliquot part thereof, as part of the original transaction and while then in a position to entitle him to be substituted for the grantee.

2. SAME—*degree of evidence necessary to establish resulting trust.* Evidence necessary to establish a resulting trust must be clear and

unmistakable, and must establish the fact of payment by the alleged beneficiary beyond a doubt, and is not sufficient if capable of reasonable explanation upon some other theory.

3. SAME—*what facts do not establish a resulting trust.* A resulting trust in favor of a husband is not established by evidence that the wife, knowing he had a verbal agreement to buy a certain lot when he "got the money," purchased the property for herself, took a bond for a deed in her own name and gave her notes for the purchase money, and later took the deed in her name upon payment of the notes, one of which was paid by the husband and the other by the wife, each claiming to have furnished the money to pay both.

APPEAL from the Circuit Court of Massac county; the Hon. O. A. HARKER, Judge, presiding.

Appellant is the wife of appellee. This litigation originated by the husband filing a bill against the wife to compel the conveyance to him of certain real estate. The bill is as follows:

"Your orator shows to your honor that on or about April —, 18—, he was married to Mary F. Berry, now Mary F. Pickler, and that as his wife he fully trusted her and gave her largely the control of his goods and chattels; that your orator entered into negotiations with Postlewaite & Morton, of Paducah, Kentucky, for the purchase of lot No. 5, in block No. 2, Postlewaite & Morton's addition to the village of Brooklyn, Massac county, Illinois, and that, pending the negotiations for the purchase of said lot, the defendant, Mary F. Pickler, knowing that your orator had been negotiating for the purchase of said lot, executed her two notes for the same, of $55 each, and took a bond for the deed in her own name, said notes being due and payable in six and twelve months from date, respectively; that on maturity of the first note your orator paid the same, and on or before the maturity of the second note the defendant, Mary F. Pickler, paid the same and took the deed to said property in her own name. Your orator further shows that in making such purchase she acted only as the agent of your orator, and

that after being informed of said purchase your orator agreed to the same, with the express understanding and agreement that she, the said Mary F. Pickler, was acting as the agent of your orator in that transaction as in all or many of the business transactions of your orator. Your orator further shows that he paid the purchase price of said property out of his own money, and that he also erected with his own money a house on said lot, and improved the same in other ways, and that said lot and its improvements cost your orator the sum of $600. Your orator further shows that without the knowledge and consent of your orator the said Mary F. Pickler, his wife, caused the deed of title to said property to be made in her own name, as will appear by record of said deed."

The prayer is that the defendant be compelled to convey said lot to the complainant. The answer denied each of the allegations of the bill, except the marriage of the parties. After replication filed, the cause was referred to the master to take the evidence. On the coming in of his report the court found the allegations of the bill to be true, and entered a decree as prayed, to reverse which this appeal is prosecuted.

JAMES C. COURTNEY, and D. W. HELM, for appellant.

BEN. O. JONES, and FRED R. YOUNG, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

There is no theory of law consistent with the facts set forth in this bill, and especially those proved on the hearing, upon which the decree below can be sustained. The allegations of fraud on the part of the defendant, and that she acted as the agent of complainant in the purchase of the lot, are wholly unsupported by the evidence. All that the complainant claims in his own testimony is, that he had an understanding with Postlewaite, of Postlewaite & Morton, that he could have the lot for

$110 upon making a cash payment, and he says, "I told him when I got the money I would close the deal." He does not claim that his wife made the purchase for him, but admits she did so in her own name. When asked if he authorized her to purchase it for him he said no, and again, if he said anything to her about it after he learned she had so purchased, he replied: "Yes. I asked her what she meant by it, and she said when anybody did business they generally did it in their own name. I told her, in effect, that it should have been in my name." She testified she purchased the lot for herself, in her own name, and paid for it. The allegation, therefore, that she acted as his agent in the purchase, and that he agreed to it "with the express understanding and agreement that she was acting as his agent," is wholly without proof.

As to the allegation of fraud, the most that can be said, either from the bill or complainant's own testimony, is, that he had a verbal agreement with one of the owners of the lot that he might at some future time buy it. He says: "I told him, 'Well, I will take it.' I was wanting to make a payment and I knew his terms of sale. I did not have the money right then. I told him when I got the money I would close the deal with him." No one will seriously contend that this amounted to a contract of purchase and sale enforceable by either party. The evidence all shows that the wife did purchase the property in her own name, took a bond for a deed to be made to her, and gave her individual notes for the purchase money. The deed was afterwards executed and delivered to her in compliance with the conditions of that bond. This, it seems to be thought, was a fraud upon the rights of the husband justifying the decree below. As we have seen, he had acquired no right whatever to the lot, and there could therefore be no legal fraud upon him by her taking the title.

The two notes given by defendant were each for $55, due in six and twelve months, with seven per cent inter-

est. There is no dispute as to the fact that complainant delivered the money to the payee on the first and defendant on the second, but they each claim that they furnished the money to the other with which the payment was made. He says she took the money paid by her out of funds received in his business and that she had no money of her own. She testifies that she not only made that payment out of her own money, but that she furnished that with which he paid off the first note. The evidence is conflicting on this branch of the case, and we think it falls far short of establishing his contention with that clearness and certainty which is always necessary to establish a resulting trust on the ground that one has paid for real estate and the title taken by another. But if it be conceded that he in fact furnished a part, or even all, of the money with which the notes were paid, a resulting trust in his favor did not thereby arise. A resulting trust, such as is here claimed, can only arise where the party claiming the benefit of the trust has furnished the consideration money, or some aliquot part thereof, as part of the original transaction, and he must have occupied such position then as to entitle him to be substituted for the grantee. "In *Botsford* v. *Burr*, 2 Johns. Ch. 415, it is said that a resulting trust 'is founded on the actual payment of money, and on no other ground,' and that 'the trust results from the original transaction at the time it takes place, and at no other time.'" (*Perry* v. *McHenry*, 13 Ill. 227.) This doctrine has been very often reiterated by this court. On this ground alone it is clear the complainant cannot maintain his bill.

There are other equally potent reasons why the decree below is erroneous. While such a trust never results from a contract, it is said in 10 Am. & Eng. Ency. of Law, (1st ed. p. 11): "The whole foundation of resulting trusts of this class is the ownership and payment of the purchase money by one when the title is taken in the name of another, and on the presumption, founded on such

transaction, of the intention of the parties that such a trust should result." Under no theory of the evidence in this case can it be claimed that the complainant purchased this lot or was ever the owner of it, and certainly no intention upon the part of either himself or wife at any time existed that there should be a trust. In the *Perry case, supra,* we also said (p. 233): "*Sayre* v. *Townsend,* 15 Wend. 650, decides that 'a trust will not result to one who pays a part, only, of the consideration on the purchase of land conveyed to another, unless it be some definite part of the whole consideration, as one-third, one-half, or the like.'" And this doctrine, also, has since been frequently announced in our decisions. In speaking of the evidence required to establish such a trust it is said by Pomeroy in his Equity Jurisprudence: "It is settled by a complete unanimity of decision that such evidence must be clear, strong, unequivocal, unmistakable, and must establish the fact of payment by the alleged beneficiary beyond a doubt,"—which language was quoted and approved by us in *Strong* v. *Messinger,* 148 Ill. 431, and *VanBuskirk* v. *VanBuskirk,* id. 9. "If the evidence is capable of reasonable explanation upon theories other than the existence of a resulting trust, such trust will be held not sufficiently established." (*Goelz* v. *Goelz,* 157 Ill. 33.) Authorities might be cited, almost without number, clearly showing that a case of resulting trust is not made out by this bill or the proofs.

We think the circuit court was in error in its finding and decree, and that decree will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded.*